IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRIAN FRANK GUERRY, | ) | |
| | ) | |
| Plaintiff, | ) | 4:14CV3074 |
| | ) | |
| v. | ) | |
| | ) | |
| BELLEVUE POLICE DEPARTMENT | ) | MEMORANDUM OPINION |
| CRIMINAL INVESTIGATION BUREAU | ) | |
| OF THE LAW ENFORCEMENT AGENCY, | ) | |
| JOHN STACEY, Chief of Police | ) | |
| in 2006 and 2010, Individually | ) | |
| and in his official capacity, | ) | |
| LAURIE SYNOWIECKI, Detective, | ) | |
| Individually and in her | ) | |
| official capacity, and DEREK | ) | |
| BEES, Detective, Individually | ) | |
| and in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Brian Guerry filed his complaint in this matter on April 4, 2014 (Filing No. 1). Thereafter, plaintiff filed three "Motion[s] to Add to the Complaint." (Filing No. 14, Filing No. 15, and Filing No. 16.) The Court considers these pleadings supplemental to plaintiff's original complaint. *See* NECivR 15.1(b) (stating, in pro se cases, Court may consider amended pleadings as supplemental to, rather than as superseding, the original pleading).

This Court has given plaintiff leave to proceed in forma pauperis (Filing No. 8). The Court now conducts an initial review of plaintiff's complaint and supplemental pleadings to

determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action pursuant to 28 U.S.C. § 1983 alleging violations of his constitutional rights. Plaintiff also raises various state law claims, including a claim that he is entitled to relief under the Nebraska Claims for Wrongful Conviction and Imprisonment Act.

Plaintiff is incarcerated at the Tecumseh State Prison in Tecumseh, Nebraska. The Court takes judicial notice of Nebraska Department of Correctional Services public records, which show that plaintiff was convicted of incest and third degree sexual assault of a child in Sarpy County, Nebraska, and began his sentence on October 4, 2010. *See Stutzka v. McCarville*, 420 F.3d 757, 761, n.2 (8th Cir. 2005) (court may take judicial notice of public records).

Plaintiff argues that defendant law enforcement officers violated his constitutional rights when they (1) interviewed him in 2006 without advising him of his so-called *Miranda* rights[1] (Filing No. 1 at CM/ECF pp. 3-4), and (2) used "2006 reports[] and statements" against him that were "expunged

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

on March 21, 2008" (Filing No. 15 at CM/ECF p. 1). While plaintiff's allegations themselves are vague, the documents plaintiff has attached to his complaint provide much-needed clarification. These documents, which plaintiff incorporated by reference into his complaint, include two investigative reports of the Bellevue Police Department, a motion filed by the State of Nebraska in plaintiff's 2009 criminal case, and correspondence from the Nebraska Department of Health and Human Services addressed to plaintiff. (*See* Plaintiff's Exhibits A, B, C, and D at Filing No. 1-1, Filing No. 1-2, Filing No. 1-3, and Filing No. 1-4.)

      Plaintiff's Exhibit A is a police report dictated by defendant Laurie Synowiecki. It reflects that Synowiecki interviewed plaintiff on May 1, 2006, at the Bellevue Police Department's Criminal Investigations Bureau (Filing No. 1-1 at CM/ECF p. 7). She questioned plaintiff about allegations that he had sexually assaulted his stepdaughter, a four-year-old minor with the initials B.B. (hereinafter referred to as "B.B."). (*Id.* at CM/ECF pp. 1-10.) Synowiecki determined based on her investigation that there was no substantial evidence to indicate that plaintiff had sexually assaulted B.B. (*Id.* at CM/ECF p. 10.)

-3-

Plaintiff's Exhibit B is a report dictated by defendant Derek Bees.  It reflects that Bees interviewed B.B. on June 29, 2010, as a "follow-up" to the investigation that had been conducted in 2006 (Filing No. 1-2 at CM/ECF p. 4).  Bees determined based on his investigation that the report should be forwarded to the county attorney's office for possible criminal charges against plaintiff.  (*Id.* at CM/ECF p. 6.)

Plaintiff's Exhibit C is what appears to be a motion filed by the State of Nebraska in a 2009 criminal case involving plaintiff.  The motion was filed in a case in which plaintiff was charged with first degree sexual assault of a child and incest involving his daughter, a seven-year-old with the initials M.Y.  (*See* Filing No. 1-3 at CM/ECF p. 1.)  The motion set forth that the State sought to "admit evidence of defendant's commission of another offense or offenses of sexual assault."  According to the information set forth in the motion, the State sought to prove that plaintiff "sexually assaulted B.B., a four year old child, between 2005 and 2006."  (*Id.*)  The motion also set forth that, based on the assault of B.B., plaintiff was being charged with "First Degree Sexual Assault of a Child, Incest, and Third Degree Sexual Assault of a Child."  (*Id.*)

Finally, plaintiff's Exhibit D is a series of documents that shed light on plaintiff's allegations that defendants used

-4-

"2006 reports[] and statements" against him that were "expunged on March 21, 2008." (Filing No. 15 at CM/ECF p. 1.) These documents reflect that, on March 21, 2008, the Nebraska Department of Health and Human Services approved plaintiff's request that it expunge certain reports of child abuse and neglect from its central registry. (Filing No. 1-4.)

Plaintiff seeks monetary relief from Synowiecki in the amount of $400,000.00 for her "fail[ure] to read the plaintiff his Miranda Warnings in violation of his 14th Amendment Right to Due Process." (Filing No. 1 at CM/ECF p. 5.) He seeks monetary relief from Bees in the amount of $1,300,000.00 for his use of "a tainted statement . . . for the sole purpose of an investigation, in violation of [the] plaintiff['s] 14th Amendment Right." (*Id.*) He seeks monetary relief from John Stacey in the amount of $2,600,000.00 for his failure to supervise Synowiecki and Bees. (*Id.*) Finally, plaintiff seeks monetary relief from the Bellevue Police Department Criminal Investigation Bureau in the amount of $10,400,000.00. (*Id.* at CM/ECF p. 6.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious

-5-

claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

Plaintiff argues that defendant law enforcement officers violated his constitutional rights when they (1) interviewed him in 2006 without advising him of his so-called

-6-

*Miranda* rights (Filing No. 1 at CM/ECF pp. 3-4), and (2) used "2006 reports[] and statements" against him that were "expunged on March 21, 2008" (Filing No. 15 at CM/ECF p. 1).

A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Anderson v. Franklin County, Mo.*, 192 F.3d 1125, 1131 (8th Cir. 1999).

Plaintiff was convicted of incest and third degree sexual assault of a child. Plaintiff alleges that law enforcement officers and the prosecutor "brought back up" allegations from 2006, which resulted in "addictional [sic] charges." (Filing No. 14 at CM/ECF p. 1.) Plaintiff argues these allegations or "reports" should not have been used against him because he was not read his *Miranda* rights during the 2006 interview, and because the Nebraska Department of Health and Human Services expunged reports from 2006 from the Nebraska Child Abuse and Neglect Central Register.

These claims necessarily call into question the validity of plaintiff's conviction and are barred under *Heck*.

(*See* Filing No. 1 at CM/ECF pp. 3-4 ("At the point of junction, when Brian Guerry (being guilty or not guilty) is convicted of any crime inside the Judicial System, and Brian Guerry said rights are broken, It becomes a wrongfull [sic] conviction. . . . Rights violated may become the basis for dismissal of Evidence and Criminal Charges, especially at the appellate level.").) Indeed, plaintiff argues he is entitled to relief under the Nebraska Claims for Wrongful Conviction and Imprisonment Act. (*See* Filing No. 16.)

Plaintiff's allegations that reports underlying the allegations of abuse have been "expunged" from the civil registry do nothing to overcome the *Heck* bar in this matter. Pursuant to Nebraska statutory law, a person who is the subject of a central registry report of child abuse or neglect may request expunction of the central registry report. Neb. Rev. Stat. § 28-721. The Department of Health and Human Services may amend, expunge, or remove from the registry any record upon a showing of good cause. *Id.*; *see Benitez v. Rasmussen*, 626 N.W.2d 209, 216 (Neb. 2001). This administrative vehicle for removing one's name from the civil registry does not constitute expunction of a criminal conviction.

Plaintiff's current civil rights action is plainly barred by *Heck*, and this case must be summarily dismissed for

-8-

failure to state a cause of action on which relief can be granted. However, the Court will dismiss this action without prejudice so that plaintiff will be able to renew the claims that he is attempting to bring here if the conviction at issue is ever vacated in a proper forum. See *Schafer*, 46 F.3d at 45 (action barred by *Heck* should be dismissed without prejudice). Because the Court will dismiss the claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. A separate order will be entered in accordance with this memorandum opinion.

DATED this 29th day of July, 2014.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court